UNITED STATES of America,
Plaintiff-Appellee,

v.

Cullen HUCKABY, Defendant-Appellant.

No. 18759.

United States Court of Appeals
Sixth Circuit.

Sept. 17, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 303.

James Easly, Cleveland, Ohio, for appellant.

Howard E. O'Leary, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

On July 15, 1968, an unpublished order in case No. 17,802 was entered affirming the conviction of appellant for the offense of possession of a still, mash and distilled spirits and working in a distillery in violation of 26 U.S.C. §§ 5179(a) (1), 5205(a) (2), 5222(a) (1), 5601(a) (1), 5601(a) (7), 5604(a) (1) and 5681 (c).

Appellant has filed a separate appeal from the judgment of the District Court denying a new trial on grounds of newly discovered evidence. At the trial federal alcohol tax investigators testified that on November 6 and November 8, 1964, while walking on the sidewalk in front of the premises at 289 Josephine Street, Detroit, Michigan, they smelled the odor of fermenting mash emanating from those premises. One of the investigators testified that on the day the search warrant was executed, November 10, 1964, he detected the odor of fermenting whiskey mash coming from the direction of the premises.

The newly discovered evidence introduced by appellant at the evidentiary hearing on the motion for a new trial was principally to the effect that at the times and on the dates involved, the wind was blowing in the opposite direction from the sidewalk where the alcohol tax investigators were located and the investigators could not have smelled the odor of fermenting mash from the five illicit

stills operated in the attic of the premises. Upon the basis of this testimony appellant contends that the District Judge should have been reasonably well satisfied that the testimony given by three material witnesses for the Government was false and that, if the jury could have heard the testimony concerning the direction the wind was blowing, they might have reached a different conclusion.

At the end of the evidentiary hearing the District Judge commented from the bench: "I will tell you frankly, gentlemen, that this is about the least persuasive of anything I have ever heard from this bench."

Upon consideration of the briefs and appendix of appellant and after reading the entire transcript of the proceedings on the motion for a new trial on grounds of newly discovered evidence, the Court holds that the record conclusively demonstrates no abuse of discretion by the District Judge in denying the motion for a new trial.

The appeal is dismissed as frivolous and entirely without merit. Rule 9, Supplementary Rules of this Court.